**JOSEPH A. VELEZ**
**ATTORNEY AT LAW (SBN: 16059)**
7272 E. Indian School Rd., Suite 111
Scottsdale, AZ 85251
Tel:  (480) 710-5079
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Eduardo Alzate; Alberto Salgado; Joel Guerrero;**<br><br>                              Plaintiffs,<br><br>                   v.<br><br>**Creative Man Painting, LLC; Jesus Manuel Martinez & Christina Martinez, husband and wife;**<br><br>                              Defendants. | No.<br><br>**CIVIL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

The Plaintiffs, by and through their attorney, allege for their complaint:

**Jurisdiction & Venue**

**I.**

This Court has jurisdiction over counts one and three of Plaintiffs' complaint by U.S.C. §1331, the federal question at issue arising from the application of the Fair Labor Standards Act, 29 U.S.C. sec. 201 et seq.  This court has jurisdiction over counts two and four (the state law claims) by virtue of 28 U.S.C. sec. 1367, those claims arising out of the same case or

controversy.

## II.

Venue in the District of Arizona, Phoenix Division, is appropriate because the Plaintiffs reside in Maricopa County, Arizona, the Defendants conduct business in Maricopa County, Arizona, and the operative facts giving rise to this cause of action occurred in Maricopa, Arizona.

**Facts Giving Rise To Complaint**

## III.

Plaintiff Eduardo Alzate (hereafter "Alzate") was employed by Defendants for over one year as a house painter. Plaintiff Alberto Salgado (hereafter "Salgado") was employed by Defendants from around September, 2009 until September, 2013 as a house painter and crew lead. Plaintiff Joel Guerrero (hereafter "Guerrero") worked as a painter for Defendants from around August, 2012 until September, 2013.

## IV.

Defendant Creative Man Painting, LLC (hereafter "Creative Man") is an Arizona limited liability company organized in Arizona in 2004 and doing business in Maricopa County, Arizona. Creative Man operates a business that paints residential buildings. It is an "employer" as that term is defined in 29 U.S.C. §203(d).

## V.

Defendant Jesus Manuel Martinez (hereafter "Martinez") is the owner/member and manager of Creative Man, and was at all times the person responsible for determining the rate and method of payment of Alzate's, Salgado's and Guerrero's wages.   He was an

"employer" of the Plaintiffs as that term is defined in 29 U.S.C. §203(d).

**VI.**

Defendant Christina Martinez is the wife of Martinez, and is named as a defendant pursuant to A.R.S. §25-215(D). At all times pertinent to this complaint, Martinez was acting on behalf of his marital community.

**VII.**

During the time that Alzate, Salgado and Guerrero worked for the Defendants, they were paid at their respective rates of pay for the hours during which they worked in whatever house they were assigned to paint. In general, this meant that they were paid for the hours from approximately 7:30 a.m. until approximately 4:00 - 4:15 p.m. During these hours, they were allowed a half hour lunch break. As a result, they typically were paid for eight hours per day. At some time after Guerrero made complaints about not being paid for time spent coming and going, his hours were reduced.

**VIII.**

Despite being paid only for the hours during which they were actually in the house masking, painting and cleaning, the Plaintiffs were expected to begin each work day by arriving at the business premises of Creative Man at or around 6:00 a.m., where they were required to mix paint, load their trucks and travel to the work site where the painting was done. At the end of each day, they were also required to return to the premises of Creative Man, clean their brushes and equipment and unload the unused paint. Alzate was also required to open and close the shop. As a result of these duties, each of them put in additional compensable work time of two to three hours per day.

**IX.**

In addition to the extra hours worked beyond the time for which they were compensated, each man was also required to work the same schedule on Saturday.  Creative Man paid each of them straight time for eight hours on Saturday, but not for the added hours.  Nor did Creative Man pay overtime for the hours worked in excess of forty hours per week as required by law.

**Count One – Violation of FLSA**

**X.**

As hourly employees, all three Plaintiffs were covered by the provisions of the Fair Labor Standards Act, specifically 29 U.S.C. §207(a)(1), which requires the Defendants to pay them one and one half times their regular rate of pay for hours worked in excess of forty in a given week.

**XI.**

The Defendants failed and refused to pay Plaintiffs one and one half times their regular hourly rate for forty hours per week.  They were not paid anything for the hours worked in excess of eight hours per day or in excess of forty per week.

**XII.**

The Defendants knew that they were required by law to pay overtime.  Defendants wilfully violated the FLSA, entitling the Plaintiffs to recover liquidated damages as provided by 29 U.S.C. §216 (b) in an amount equal to the unpaid overtime.

**XIII.**

The Plaintiffs are entitled to recover their reasonable attorney fees and costs incurred

in bringing this action as authorized by 29 U.S.C. §216(b).

**Count Two – Claim for Unpaid Wages**

**XIV.**

Plaintiffs reincorporate by reference the forgoing allegations.

**XV.**

Plaintiffs allege further that Defendant Creative Man violated the provisions of A.R.S. §23-351 by failing to timely pay the wages due them. Plaintiffs are thereby entitled under the law of Arizona, in particular A.R.S. §23-355, to recover three times the amount of unpaid wages as shall be proven at trial.

**XVI.**

Plaintiffs are entitled to recover their reasonable attorney fees and costs as authorized by A.R.S. §12-341.01.

**Count Three - Retaliation for FLSA Complaint**

**XVII.**

On several occasions, Alzate complained to Martinez that he was not being paid overtime in accordance with federal law. On or about January 9, 2013, Martinez became angry over these complaints and terminated Alzate's employment. Likewise, Guerrero at times complained about the unpaid hours and unpaid overtime. As a result, his hours were reduced and he was then terminated.

**XVIII.**

The termination of Alzate's and Guerrero's employment in retaliation for their complaints of non-payment of overtime violated the anti-retaliation provision of the FLSA,

29 U.S.C. §215(a)(3), entitling them to recover such damages as they each may have suffered as a result of the retaliatory termination of their employment.

### XIX.

As a result of the termination of employment, Alzate and Guerrero have suffered a loss of earnings and other damages, the extent of which shall be proven at trial.

### XX.

Alzate and Guerrero are entitled to recover liquidated damages in an amount equal to their lost earnings, and their attorney fees and costs as provided by U.S.C. §216(b).

### Count Four - Wrongful Discharge

### XXI.

Alzate and Guerrero incorporate by reference the foregoing allegations.

### XXII.

Alzate and Guerrero allege further that the termination of their employment constitute wrongful discharge as defined by A.R.S. §23-1501(3)(c)(ii), their termination having been in retaliation for reporting to Martinez that Creative Man was violating A.R.S. §23-351(c) by failing to pay wages due them.

### XXIII.

Alzate and Guerrero allege further that the termination of their employment constitutes wrongful discharge in violation of public policy under the common law of Arizona because in each case it was motivated by retaliation for them having complained of violations of the FLSA.

**Prayer For Relief**

Wherefore, Plaintiffs Alzate, Delgado and Guerrero pray for judgment:

1. Awarding unpaid overtime against both Defendants in the amount that shall be proven at trial to have resulted from the Defendants' violation of the Fair Labor Standards Act, together with prejudgment interest thereon from the dates each payment became due;

2. Awarding an equivalent amount against both Defendants as liquidated damages;

3. Awarding treble damages against Creative Man Painting, LLC in the amount that shall be proven at trial to constitute three times the amount of unpaid wages due, together with prejudgment interest thereon from the date each payment became due;

4. Awarding Alzate and Guerrero such damages as they shall prove at trial to have resulted from the unlawful termination of their employment including but not limited to punitive damages if available and applicable;

5. Awarding Alzate and Guerrero an amount of liquidated damages equal to their proven lost wages on account of their wrongful termination;

6. Awarding Plaintiffs their reasonable attorney's fees and costs;

7. Awarding such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED this 18th day of October, 2013.

1
2   **LAW OFFICE OF JOSEPH A. VELEZ**
3
4
5   */s/ Joseph A. Velez*
6   Joseph A. Velez
    Attorney for Plaintiff
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28